# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2022

Lyle W. Cayce
Clerk

No. 18-60417
Summary Calendar

Berta Lidia Arias,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 824 747

---

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Berta Lidia Arias, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals ("BIA") concluding that she was ineligible for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Her challenges to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the BIA's determinations that she was ineligible for relief are reviewed under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the Immigration Judge's ("IJ") decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Arias has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue of whether she showed a nexus between the harm alleged and her proposed social groups or her political opinion. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 269–70 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). Accordingly, she has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether she showed eligibility for asylum or withholding, and we need not consider her remaining arguments concerning these forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Arias's other arguments are also unavailing. Her due process argument fails because she has not shown substantial prejudice. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020). Because she has not shown she will more likely than not be tortured with governmental acquiescence if repatriated, she has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the merits of her CAT claim. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). Finally, her collateral estoppel argument fails because the IJ's original ruling on the CAT issue was not a final judgment. *See* 8 C.F.R. § 1003.39; *In re Fedorenko*, 19 I. & N. Dec. 57, 61 (BIA 1984), *abrogated on other grounds by Negusie v. Holder*, 555 U.S. 511 (2009).

The petition for review is DENIED.